508

## CIRCUIT COURT OF FAIRFAX COUNTY

Deepwood Veterinary Clinic, Inc.

v.

Carol Sabo et al.

June 2, 1998

Case No. (Chancery) 150090

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court for trial on April 27, 1998. Evidence, including a transcript of a deposition, was presented over four days, and argument was offered incorporating numerous briefs. Considering the volume of material to be reviewed, the Court took its decision under advisement (while warning counsel that it would not be reviewed for at least three weeks due to the court calendar).

The Court has now had the opportunity to review the pleadings, evidence, and authorities submitted. As the Court granted the Motion to Strike Counts II and V and as the plaintiff dismissed Count IV, the allegations of Breach of Fiduciary Duty and Tortious Interference with Contract remain for decision.

As a foundation for its rulings, the Court makes the following findings of fact. First, the actions of Dr. Pool on the evening of April 26, 1997, constituted a termination of employment of Dr. Sabo. Second, Dr. Sabo competed with Deepwood Veterinary Clinic, Inc., from April 27, 1997, to the present. Third, Dr. Sabo did not compete prior to her termination. Fourth, Dr. Sabo did offer employment to employees prior to her termination; however, the employees had already expressed their intent to leave the employment of Deepwood Veterinary Clinic, Inc., and were employees at will. Fifth, there is no evidence to support the allegation that Dr. Sabo solicited clients of Deepwood Veterinary Clinic, Inc., prior to her termination.

The Court finds that the actions of Dr. Sabo post-termination neither tortiously interfered with a contract nor breached any existing fiduciary duty.

The solicitation of customers through use of a list compiled by memory and competition with the former employer after termination of the agency are not actionable absent a covenant not to compete or the use of improper methods. *Peace v. Conway*, 246 Va. 278 (1993). Justice Hassell could have been describing the facts of this case when he noted "it is not unusual in the business world for an employee to leave his employment and start a competing business. When this occurs, inevitably customers of the former employer will desire to continue to deal with the former employee in the new business." *Id.*, at 282.

Further, the Court finds that Dr. Sabo's pre-termination actions in forming her new corporation, preparing to open her new business, and agreeing to employ the dissatisfied employees of Deepwood Veterinary Clinic, Inc., after the new business is in operation did not support a cause of action under Counts I or III. The evidence is clear that Dr. Sabo fulfilled all of her duties while employed and never caused the other employees to neglect their obligations or act on her behalf during their business hours, nor cause them to solicit customers at any time prior to termination. The Court finds the *Restatement (Second) of Agency* (1958) to be instructive.

[B]efore the termination of the agency, (the agent) is entitled to make arrangements to compete, except that he cannot properly use confidential information peculiar to his employer's business and acquired therein. Thus, before the end of his employment, he can properly purchase a rival business and upon termination of employment immediately compete … .

[I]t is normally permissible for employees of a firm, or for some of its partners, to agree among themselves, while still employed, that they will engage in competition with the firm at the end of the period specified in their employment contracts.

*Id.*, § 393. (Section cited in *Hilb, Rogal & Hamilton v. DePew*, 247 Va. 240, 249 (1994).)

The Court finds that the actions of Dr. Sabo pre-termination were mere preparation, not competition, and did not breach her fiduciary duty to her employer. The post-termination actions were permissible competition and did not violate any fiduciary duty. Judgment is granted for the defendants.